# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
## No. 17-1058V
### (not to be published)

```
* * * * * * * * * * * * * * * * * * * * * * * *
STEVEN DINGMANN,                  *
                                  *     Special Master Corcoran
                                  *
            Petitioner,           *     Filed: May 14, 2019
                                  *
      v.                          *
                                  *     Attorney's Fees and Costs.
SECRETARY OF HEALTH               *
AND HUMAN SERVICES,               *
                                  *
                                  *
            Respondent.           *
                                  *
* * * * * * * * * * * * * * * * * * * * * * * *
```

*Isaiah R. Kalinowski*, Maglio Christopher and Toale, PA, Washington, DC, for Petitioner.

*Lara A. Englund*, U.S. Dep't of Justice, Washington, DC, for Respondent.

### DECISION GRANTING FINAL AWARD OF ATTORNEY'S FEES AND COSTS[1]

On August 4, 2017, Steven Dingmann ("Petitioner") filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[2] Petitioner alleged that he suffered from transverse myelitis as a result of his October 29, 2015 influenza vaccine. The parties filed a stipulation for damages on January 23, 2019, which I adopted as my Decision awarding damages on the same day. (ECF No. 32).

---

[1] Although I have not designated this Decision for publication, it will be made available on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from the public Decision.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act").

Petitioner has now filed a motion requesting final attorneys' fees and costs, dated January 31, 2019 (ECF No. 35) ("Fees App."), requesting a total award of $51,617.90 (representing $34,748.20 in attorneys' fees, plus $16,869.70 in costs). Fees App. at 2. In addition, pursuant to General Order No. 9, Petitioner warrants that he has personally incurred costs of $5.00 in pursuit of this litigation. *Id.* Respondent reacted to the motion on February 6, 2019, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, and deferring to my discretion to determine the amount to be awarded. Response, ECF No. 32, at 2-3. Petitioner filed a reply on February 7, 2019, reiterating his belief that the requested amount of fees and costs is reasonable. Reply, ECF No. 39, at 2.

For the reasons set forth below, I hereby **GRANT** Petitioner's motion, awarding final attorneys' fees and costs in the amount of **$51,622.90**.

## ANALYSIS

Vaccine Program attorneys are entitled to a fees award in successful cases like this one. Determining the appropriate <u>amount</u> of that award is a two-part process. The first part involves application of the lodestar method – "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347-48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).[3] The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Avera*, 515 F.3d at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429-37 (1983).

---

[3] An attorney's reasonable hourly rate is more precisely understood to be the "prevailing market rate" in the relevant forum. *Avera*, 515 F.3d at 1349; *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559V, 2009 WL 2568468, at *2 (Fed. Cl. Spec. Mstr. July 27, 2009), *mot. for rev. denied*, 91 Fed. Cl. 453 (2010), *aff'd*, 632 F.3d 1381 (Fed. Cir. 2011). That rate is in turn determined by the "forum rule," which bases the award rate on rates paid to similarly qualified attorneys in the forum where the relevant court sits (Washington, D.C., for Vaccine Program cases). *Avera*, 515 F.3d at 1348. After the hourly rate is determined, the reasonableness of the total hours expended must be considered. *Sabella*, 86 Fed. Cl. at 205-06. This reasonableness inquiry involves consideration of the work performed on the matter, the skill and experience of the attorneys involved, and whether any waste or duplication of effort is evident. *Hensley*, 461 U.S. at 434, 437.

In some cases, determining the proper hourly rate for a particular attorney requires consideration of whether there is a significant disparity between the forum rate applicable to the Vaccine Program generally and the geographic forum in which the attorney practices, in order to adjust the rate used for the lodestar calculation. *Avera*, 515 F.3d at 1349, (citing *Davis County Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999) ).

Petitioner requests the following rates of compensation for his attorney, Mr. Isaiah Kalinowski: $349.00 per hour for work performed in 2016, $358.00 per hour for work performed in 2017, $368.00 per hour for work performed in 2018, and $383.00 per hour for work performed in 2019. Fees App. Ex. 1 at 18. Petitioner also requests rates for paralegals ranging from $135.00 per hour to $154.00 per hour, depending on the year of work performed. *Id.* These rates are consistent with what I and other special masters have awarded Mr. Kalinowski for his work over the past several years, and also consistent with the Office of Special Masters fee schedule.[4] Accordingly, no adjustment to the rates is necessary.

The hours expended on this matter as reflected in the billing entries are also reasonable. The billing entries describe with sufficient detail the task being performed and the time spent on each task. Respondent has not identified any particular entries as objectionable and upon review, I did not find any entries to be objectionable either. Accordingly, Petitioner is entitled to the full amount of attorney's fees sought: **$34,748.20**.

I will next turn to costs. Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992); *Presault v. United States*, 52 Fed. Cl. 667, 670 (Fed. Cl. 2002). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Human Servs.*, No. 10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to carry their burden, such as by not providing appropriate documentation to substantiate a requested cost, special masters have refrained from awarding compensation. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Human Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner requests $16,869.70 in overall costs. Most of this amount ($15,125.00) is for the work of Petitioner's exert, Dr. Jeffery Allen, for review of medical records and medical literature and preparation of an expert report. Fees App. Ex 2 at 27. In total, Dr. Allen billed 30.25 hours at a rate of $500.00 per hour. Dr. Allen made sufficiently detailed billing entries and I find the overall work performed in this case and the overall amount charged to be reasonable. Accordingly, I will

---

[4] The 2015–2016 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf.   The 2017 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf.   The 2018 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202018.pdf.   The 2019 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202019.pdf.   The hourly rates contained within the schedules are updated from the decision in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

reimburse the costs associated with Dr. Allen's expert work in full.[5] The remainder of the costs requested are for medical records, travel expenses, postage costs, the Court's filing fee. All of these costs are typical of vaccine program litigation, and Petitioner has supported them with adequate documentation. Accordingly, Petitioner is entitled to the full amount of costs requested.

Finally, pursuant to General Order No. 9, Petitioner warrants that he has personally incurred costs in the amount of $5.00 for a notary fee. Petitioner has supported this cost with adequate documentation and it shall be reimbursed.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, I award a total of **$51,617.90** as a lump sum in the form of a check jointly payable to Petitioner and his counsel, Mr. Isaiah Kalinowski, Esq., and a total of **$5.00** as a lump sum in the form of a check made payable to Petitioner. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[6]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[5] I reserve the right to re-examine Dr. Allen's hourly rate in future cases in light of the work performed in that particular case and am not determining at this time that he should appropriately receive $500 per hour for Vaccine Act work under all circumstances.

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.